**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shunta M. Dukes,<br><br>    Plaintiff,<br><br>vs.<br><br>Twin City Fire Insurance Company, a foreign insurer,<br><br>    Defendant. | No. CV-09-2197-PHX-NVW<br><br>**ORDER** |

On September 24, 2009, Plaintiff filed her Complaint (doc. # 1-1) in the Maricopa County Superior Court, alleging that Defendant breached its duty of good faith and fair dealing. Plaintiff requested actual damages, general damages, punitive damages, and attorneys' fees pursuant to A.R.S. § 12-341.01. Although Plaintiff did not specify dollar amounts for any of her requests for damages and fees, she did certify in her Certificate of Compulsory Arbitration (doc. # 12-2) that "the largest award sought by the Complaint, including punitive damages, but excluding interest, attorney's fees, and costs" exceeds the $50,000 compulsory arbitration limit set forth in Maricopa County Superior Court Local Rule 3.10.

On October 20, 2009, Defendant filed its Notice of Removal (doc. # 1), asserting diversity jurisdiction as the basis for removal. Now pending before the Court is Plaintiff's Motion to Remand (doc. # 11), Defendant's Response (doc. # 12), and Plaintiff's Reply (doc. # 13). Plaintiff argues that the action should be remanded to state

court because Defendant has failed to demonstrate that the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction. Defendant maintains that it has produced sufficient evidence that the amount in controversy exceeds $75,000, but requests the Court to order Plaintiff to stipulate that the sum of her damages and fees will not exceed $75,000 in the event the Court finds that the requirement has not been met.

**I.     Legal Standard**

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction existed over the action as originally brought by the plaintiff. 28 U.S.C. § 1441(a). There is a strong presumption against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Therefore, the removing party bears the burden of establishing subject matter jurisdiction as a basis for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c).

District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. In the removal context, the inquiry into the amount in controversy is not confined to the face of the complaint. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The Court may also consider facts presented in the removal petition and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id*. If the amount in controversy is not facially evident from the complaint, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090-91.

**II.     Analysis**

The extent of Defendant's proof of the amount in controversy in the Notice of Removal (doc. # 1) is a statement that "the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs . . . ." This conclusory allegation is insufficient on its own to establish that the amount exceeds the jurisdictional threshold. In the Response to Plaintiff's Motion to Remand (doc. # 12), Defendant relies on Plaintiff's Certificate of Compulsory Arbitration and her requests for unspecified amounts of attorneys' fees and punitive damages as proof that the amount in controversy exceeds $75,000. Plaintiff's admission in her Certificate of Compulsory Arbitration sufficiently establishes that the amount in controversy exceeds $50,000, but as explained below, Defendant has presented insufficient evidence that the amount in controversy exceeds $75,000.

### A. Attorneys' Fees

Attorneys' fees may be included in the amount in controversy "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Burk v. Medical Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1068 (D. Ariz. 2004). Plaintiff seeks a discretionary award of attorneys' fees pursuant to A.R.S. § 12-341.01(A), which authorizes a court to award attorneys' fees to the prevailing party in an action "arising out of a contract . . . ." Because a bad faith tort claim in an insurance case arises out of an insurance contract, A.R.S. § 12-341.01(A) authorizes attorneys' fees in bad faith cases. *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 544, 647 P.2d 1127, 1142 (1982); *see also Safeway Ins. Co. v. Guerrero*, 210 Ariz. 5, 15, 106 P.3d 1020, 1030 (2005); *Nahom v. Blue Cross & Blue Shield of Arizona, Inc.*, 180 Ariz. 548, 559, 885 P.2d 1113, 1124 (Ct. App. 1994). Award of fees is not limited to fees incurred to obtain the contract benefits but extends also to fees incurred in seeking tort damages, and this Court's prior statement otherwise in *Burk*, 348 F. Supp. 2d at 1068, must be withdrawn. *See Ferguson*

*v. First Am. Specialty Ins. Co.*, No. CV 09-01581-PHX-JAT, 2009 WL 4154653, at *3, 2009 U.S. Dist. LEXIS 110470, at *9-10 (D. Ariz. Nov. 23, 2009).

However, there is disagreement within this circuit as to whether attorneys' fees incurred after the date of removal are properly included in the amount in controversy. *Giordano v. Park Ave. Life Ins. Co.*, No. CV 09-01405 SJO (FMOx), 2009 WL 1474945, at *3, 2009 U.S. Dist. LEXIS 47507, at *8-9 (C.D. Cal. Apr. 7, 2009) (citing *Burk*, 348 F. Supp. 2d at 1068-69); *compare Faulkner v. Astro-Med, Inc.,* No. C 99-2562 SI, 1999 WL 820198, at *4, 1999 U.S. Dist. LEXIS 15801, at *9 (N.D. Cal. Oct. 4, 1999) ("When estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal."); *Conrad Assocs. v. Hartford Accident & Indem. Co.,* 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (declining to consider attorneys' fees spent after the date of removal) *with Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (including "a reasonable estimate of attorneys fees likely to be expended" in calculating the amount in controversy); *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) (same). The Seventh Circuit, however, has held that attorneys' fees not yet incurred are not included in the amount in controversy. *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958-59 (7th Cir. 1998). This Court concludes that the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal. *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006). Future attorneys' fees are entirely speculative, may be avoided, and are therefore not "in controversy" at the time of removal.

Even if attorneys' fees incurred after the date of removal are properly included in the amount in controversy, Defendant has presented no evidence of Plaintiff's current or future amount of attorneys' fees. The extent of Defendant's argument is that "[a]ttorneys' fees may well exceed the $75,000 jurisdictional limit." Such a speculative and

unsupported statement does not sufficiently demonstrate a past or future amount of attorneys' fees in controversy.

### B. Punitive Damages

Punitive damages may also be included in the amount in controversy if they are recoverable under the applicable law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Burk*, 348 F. Supp. 2d at 1069. In Arizona, punitive damages are recoverable in bad faith insurance cases. *Filasky v. Preferred Risk Mut. Ins. Co.*, 152 Ariz. 591, 598, 734 P.2d 76, 83 (1987). However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met. *Burk*, 348 F. Supp. 2d at 1069. Defendant must present evidence that punitive damages more likely than not will exceed the amount needed to increase the amount in controversy to over $75,000 and may do so by, among other things, introducing evidence of jury verdicts in analogous cases. *Id.*

Here Defendant relies solely on the fact that Plaintiff is seeking punitive damages as a basis for increasing Plaintiff's certified minimum of $50,000 to $75,000. However, Plaintiff's certified minimum of $50,000 already includes punitive damages. Moreover, Defendant has entirely failed to cite to and compare the facts of Plaintiff's case to other cases where bad faith or punitive damages have been awarded. Defendant therefore has not produced sufficient evidence, or any evidence, that punitive damages take the amount in controversy beyond $75,000.

In light of the "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 566, the Court concludes that it lacks subject matter jurisdiction over this action. If at a later time it becomes apparent through "an amended pleading, motion, order or other paper" that the amount in controversy exceeds $75,000, Defendant may remove the case within 30 days of receiving such notice and not more than one year after commencement of the action. 28 U.S.C. § 1446(b). Finally, because Defendant bears the burden of establishing removal jurisdiction, Defendant's request for the Court to order Plaintiff to

stipulate to a damages cap of $75,000 has no basis in law and must be denied. *See Burk*, 348 F. Supp. 2d at 1070.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (doc. # 11) is granted. The Clerk shall remand this case to the Arizona Superior Court, Maricopa County.

DATED this 5th day of January, 2010.

_____
Neil V. Wake
United States District Judge